# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| Hudson Specialty Insurance Company, | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| vs. | ) |
| | ) C.A. No.: 5:15-cv-352 |
| Eric William Brown, Douglas W. Brown, and Taylor Douglas Huneycutt, | ) |
| Defendant. | ) |

The plaintiff, Hudson Specialty Insurance Company, complaining of the defendants, Eric William Brown, Douglas W. Brown, and Taylor Douglas Huneycutt, would respectfully allege and show unto the Court as follows:

**Parties, Jurisdiction, and Venue**

1. Hudson Specialty Insurance Company (hereinafter referred to as "Hudson") is an insurance company organized and existing under the laws of New York which writes insurance policies, including policies which cover property and interests located in North Carolina.

2. Hudson is informed and believes that the defendant, Eric William Brown (hereinafter referred to as "Eric Brown"), is a citizen and resident of Wake County, North Carolina.

3. Hudson is informed and believes that the defendant, Douglas W. Brown (hereinafter referred to as "Doug Brown"), is a citizen and resident of Wake County, North Carolina.

4. Hudson is informed and believes that the defendant, Taylor Douglas Huneycutt (hereinafter referred to as "Huneycutt"), is a citizen and resident of Wake County, North Carolina.

5. Hudson alleges that the policy at issue was written and delivered in North Carolina, and that the accident at issue occurred in Wake County, North Carolina. It is therefore informed and believes that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6. Hudson is also further informed and believes that jurisdiction is proper in this Court in that there is a diversity of citizenship between the parties as Hudson is an insurance company with its principal place of business in New York and the defendants are citizens and residents of the State of North Carolina. This Court thus has jurisdiction based upon 28 U.S.C. § 1332 and 42 U.S.C. § 9613(b).

7. This action is brought pursuant to the provisions of the Uniform Declaratory Judgment Act as codified in 28 U.S.C. § 2201.

**Factual Allegations**

8. Hudson issued a personal umbrella liability policy of insurance bearing number HSUM0022760 with effective dates of December 1, 2011 to December 1, 2012 to Doug Brown (hereinafter referred to as "the Policy"). The Policy provided comprehensive personal liability in excess of the underlying $300,000 and $250,000 limits of homeowners' and automobile coverage, respectively, under policies issued by The Hartford. The Policy provided, via endorsement, umbrella auto liability coverage for a 2005 Lexus RX330, 1999 Subaru Legacy, and a 2004 Volkswagen Phaeton. A copy of the Policy is attached hereto as Exhibit A and is incorporated herein by reference.

9. This declaratory judgment action arises out of a single vehicle accident that occurred on December 28, 2011 in Wake County, North Carolina. The accident occurred when Eric Brown, while driving a 2002 Ford F-250 truck (hereinafter referred to as "the truck"), lost

2

control of his vehicle, causing it to roll over. Huneycutt was a passenger in Eric Brown's truck and was injured as a result of the accident.

10. At the time of the accident, Eric Brown was 19-years old and was enrolled as a student at High Point University in High Point, North Carolina. Huneycutt was 17-years old and was a student at Apex High School in Cary, North Carolina.

11. Upon information and belief, the accident occurred when Eric Brown and Huneycutt were on a hunting trip while both were out of school on Christmas break.

12. Upon information and belief, Huneycutt is the cousin of Eric Brown and the nephew of Doug Brown.

13. According to the Wake County tax records, Eric Brown is the registered owner of the truck involved in the accident and paid taxes on the truck in 2011 and 2012. A copy of the Wake County tax records are attached hereto as Exhibit B and are incorporated herein by reference.

14. The truck is not a scheduled vehicle on the Policy. Doug Brown specifically excluded Eric Brown from coverage in prior Hudson policies due to a previous accident in which Eric Brown was involved. On information and belief, Eric Brown was issued multiple citations for various offenses, including speeding, which caused Doug Brown to seek such an exclusion.

15. At the time of the accident, the truck was insured under a policy of insurance issued by Progressive Insurance Company (hereinafter referred to as "Progressive") to Eric Brown. Upon information and belief, Progressive has tendered its liability limits to Huneycutt.

16. Doug Brown has an auto liability policy of insurance issued by The Hartford. Upon information and belief, The Hartford policy insures three vehicles: (1) a 2005 Lexus

3

Case 5:15-cv-00352-BO   Document 1   Filed 07/23/15   Page 3 of 9

RX330, (2) a 1999 Subaru Legacy, and (3) a 2004 Volkswagen Phaeton. The Hartford policy contains liability limits of $250,000 per person/$500,000 per accident.

17. On March 21, 2013, Huneycutt filed an action in the Chatham County Superior Court seeking damages arising out of the accident. That action is captioned, "*Taylor Douglas Huneycutt v. Eric William Brown*," C.A. No. 13-CVS-192 (hereinafter referred to as "the first action). Doug Brown was not made a party to that action. A copy of the complaint in the first action is attached hereto as Exhibit C and is incorporated herein by reference.

18. On January 22, 2014, the first action was dismissed without prejudice.

19. On December 23, 2014, Huneycutt filed a second action in the Chatham County Superior Court seeking damages arising out of the accident. That action is captioned, "*Taylor Douglas Huneycutt v. Eric William Brown and Douglas W. Brown*," C.A. No. 14-CVS-016784. (hereinafter referred to as "the second action"). In addition to negligence claims against Eric Brown, the second action asserts claims against Doug Brown under the family purpose doctrine. A copy of the complaint in the second action is attached hereto as Exhibit D and is incorporated herein by reference.

20. The Hartford, as the underlying liability carrier, has assumed the defense of both Eric and Doug Brown and has retained Jeffrey D. Keister of McAngus, Goudelock & Courie, PLLC, to appear on their behalf.

**FOR A FIRST CAUSE OF ACTION -
DECLARATORY JUDGMENT – NO COVERAGE AS TO ERIC BROWN**

21. Hudson incorporates herein by reference the allegations contained in paragraphs 1-20 above.

4

22. It alleges that an actual controversy exists between Hudson and the defendants regarding whether the claims made arising out of the December 28, 2011, accident triggers coverage under the terms of the Hudson policy at issue.

23. The policy provides, in pertinent part, as follows:

**I. COVERAGES**

Coverage A — Excess Bodily Injury, Personal Injury and Property Damage Liability.

The Company will pay on behalf of the insured the amount of ultimate net loss, which the insured becomes legally obligated to pay:

1. in excess of the underlying limits (whether collectible or not) because of bodily injury, personal injury, or property damage to which this policy applies, caused by an occurrence; or

2. in excess of the retained limit (self-insured retention) because of bodily injury, personal injury, or property damage to which this policy applies, caused by an occurrence which is not covered by or which is not required to be covered by the underlying insurance.

…

**VI. PERSONS INSURED**

A. Each of the following is an insured under Coverage A to the extent set forth below:

1. With respect to automobiles or watercraft to which this policy applies:

a. The named insured, while using any automobile or watercraft;

b. Any relative, while using any automobile or watercraft not owned by or furnished for the regular use of the named insured or any relative, provided such use is with the owner's permission and for the purpose the owner intended;

c. Any of the following while using an automobile or watercraft owned by or in the care of the named insured;

I. Any person using the automobile or watercraft with the permission of the named insured and for the purpose the

5

owner intended;

II. Any person or organization legally responsible for the use of such automobile or watercraft but only if no other insurance of any kind is available to that person or organization for such liability.

…

3. Except as provided under (1) and (2) above:

a. The named insured;

b. Any relative;

c. Any person under the age of 21, other than a relative, who is in the care of the named insured or a relative.

…

**EXCLUSIONS**

…

17. To any liability imposed on the insured or the insured's insurer under any uninsured motorists, underinsured motorists, or automobile no-fault or first party bodily injury or property damage law.

…

**DEFINITIONS**

When used in this policy, including endorsements forming a part hereof:

…

"insured" means any person or organization qualifying as an insured in the "Persons Insured" provision of this policy. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the Company's liability

…

"relative" means any person related to the named insured by blood, adoption, or marriage (other than the spouse of the named insured) who is a resident of the named insured's household.

…

6

24. Doug Brown is the named insured on the Policy.

25. The accident occurred in a vehicle owned by Eric Brown, a relative of the named insured, which was available for his regular use. As such, Eric Brown is not an insured person under Coverage A of the Policy.

26. Accordingly, Hudson has no duty to defend and/or indemnify Eric Brown under the Policy for the claims asserted against him in the second action.

**FOR A SECOND CAUSE OF ACTION –
DECLARATORY JUDGMENT – COVERAGE FOR DOUG BROWN IS LIMITED TO
THAT IN EXCESS OF THE UNDERLYING LIMITS**

27. Hudson incorporates herein by reference the allegations contained in paragraphs 1-26 above.

28. The policy provides, in pertinent part, as follows:

**I. COVERAGES**

Coverage A — Excess Bodily Injury, Personal Injury and Property Damage Liability.

The Company will pay on behalf of the insured the amount of ultimate net loss, which the insured becomes legally obligated to pay:

1. in excess of the underlying limits (whether collectible or not) because of bodily injury, personal injury, or property damage to which this policy applies, caused by an occurrence; or

2. in excess of the retained limit (self-insured retention) because of bodily injury, personal injury, or property damage to which this policy applies, caused by an occurrence which is not covered by or which is not required to be covered by the underlying insurance.

…

29. Pursuant to Item. 7 on the Policy's declarations page (modified by endorsement), Doug Brown agreed to maintain underlying auto liability insurance with The Hartford with limits of $250,000 per person/$500,000 per accident.

7

30. Doug Brown maintained the required underlying insurance with The Hartford and The Hartford is providing him with a defense in the second action.

31. Hudson's obligations to Doug Brown under Coverage A of the Policy extend only to those amounts of the ultimate net loss in excess of the underlying limits. As such, Hudson's obligations are not triggered until The Hartford has paid its underlying limits.

## PRAYER FOR RELIEF

32. Hudson is entitled to a declaration by this Court that Eric Brown is not an insured under the Policy and, thus, it owes no duty of defense or indemnity to him with regard to the claims made by Huneycutt in the second action.

33. Hudson is entitled to a declaration by this Court that its obligations to Doug Brown, if any, are not triggered until the underlying insurance provided by The Hartford has been exhausted.

WHEREFORE, Hudson prays as follows:

(1) For a judicial declaration that the Policy provides no coverage for the claims being against Eric Brown because he is not an insured under the Policy;

(2) For a judicial declaration that Hudson's obligations to Doug Brown, if any, are not triggered until the underlying insurance has been exhausted;

(3) For the costs of this action; and

(4) For any such other and further relief as this Court shall deem just and proper.

*Signature on following page.*

8

Case 5:15-cv-00352-BO   Document 1   Filed 07/23/15   Page 8 of 9

July 23, 2015

        /s/ James M. Dedman, IV_____
        James M. Dedman, IV (Bar No. 37415)
        GALLIVAN, WHITE & BOYD, P.A.
        One Morrocroft Centre
        6805 Morrison Blvd., Suite 200
        Charlotte, NC 28211
        (704) 552-1712
        jdedman@gwblawfirm.com

*Attorneys for Plaintiff,*
*Hudson Specialty Insurance Company*