| STATE OF NORTH CAROLINA | | | 14CV016784 | |
|---|---|---|---|---|
| Wake County | | | In The General Court Of Justice ☐ District ☒ Superior Court Division | |

| Name Of Plaintiff | |
|---|---|
| Taylor Douglas Huncycutt | **CIVIL SUMMONS** |
| Address | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| c/o Burns, Day & Presnell, P.A., P.O. Box 10867 | |
| City, State, Zip | |
| Raleigh NC 27605 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| Eric William Brown and | |
| | Date(s) Subsequent Summons(es) Issued |
| Douglas W. Brown | |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Eric William Brown | Douglas W. Brown |
| 120 Queensferry Road | 120 Queensferry Road |
| Cary NC 27511 | Cary NC 27511 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| James J. Mills | DEC 2 3 2014 | 2 | ☐ AM ☒ PM |
| Burns, Day & Presnell, P.A. | Signature | | |
| P.O. Box 10867 | | | |
| Raleigh NC 27605 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

STATE OF NORTH CAROLINA　　　FILED　IN THE GENERAL COURT OF JUSTICE
WAKE COUNTY　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
　　　　　　　　　　　　　2014 DEC 23 P 2:53　　14 CVS _____

TAYLOR DOUGLAS HUNEYCUTT,　　)　　C.S.C.
　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　)　　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　　)　　**(COMP)**
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
ERIC WILLIAM BROWN and　　　　　　　)
DOUGLAS W. BROWN,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　　　)

Plaintiff, complaining of the Defendants, alleges and says:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of Wake County, North Carolina. Plaintiff is currently an undergraduate student at the Ohio State University.

2. Upon information and belief, Defendant Eric William Brown is a citizen and resident of Wake County, North Carolina, residing at 120 Queensferry Road, Cary, NC 27511.

3. Upon information and belief, Defendant Douglas W. Brown is a citizen and resident of Wake County, North Carolina, residing at 120 Queensferry Road, Cary, NC 27511. Douglas W. Brown is Eric W. Brown's father.

4. Jurisdiction and venue are both appropriate in this Court.

## FACTS

5. On December 28, 2011, Plaintiff and Defendant Eric Brown had traveled together, along with some other friends, to a gun firing range in Chatham County, North Carolina, for target practice.

6. Eric Brown drove a 2002 Ford Pick-up truck that was titled in his name, but was provided and maintained for the general use, pleasure, and convenience of his family, including his father, Douglas Brown.

7. At approximately 5:00 p.m., Defendant Eric Brown received a phone call informing him that he was late for a personal training session, and Defendant Eric Brown was instructed to return, with the vehicle he was driving, to attend the personal training session.

8. Shortly thereafter, Defendant Eric Brown and Plaintiff left the firing range in a 2002 Ford Pick-up truck, and were traveling west on state road 1903. Eric Brown was driving, and Plaintiff was a passenger.

9. While driving at a high rate of speed in excess of the applicable and posted speed limit, Eric Brown attempted an illegal pass of another vehicle traveling in the same direction, ran off the road to the right, overcorrected, and flipped the 2002 Ford Pick-up truck, slamming it into trees on the side of the road.

10. The truck was destroyed, and the passenger cab was collapsed and compressed onto Plaintiff, injuring him and trapping him in the vehicle.

11. Plaintiff immediately suffered significant and permanent injuries and pain.

12. Plaintiff was rushed from the scene of the accident via emergency medical personnel, and transported to WakeMed Hospital in Raleigh.

13. While at WakeMed, Plaintiff was diagnosed with a cervical spine fracture involving vertebrae T1-T4, with a subluxation of C7 and associated fracture dislocation of the right C7-T1 facet. He was also diagnosed with an epidural hematoma which displaced the spinal cord, and a significant soft tissue injury ranging from C6-T3.

14. Plaintiff has undergone extensive treatment for his injuries, and future treatment is anticipated.

15. Plaintiff's past treatments include, but are not limited to:

   a. Emergency fusion surgery from vertebrae C6 to T2, which required hospitalization for more than one week;

   b. Extensive physical therapy and rehabilitation efforts, consisting of more than 20 sessions post-surgery; and

   c. Multiple follow-up appointments with physicians, surgeons, and the like resulting from his injuries.

16. Due to the serious nature of his injuries, Plaintiff was declared no longer eligible to receive the Four Year Marine Option Naval Reserve Officers' Training Corps scholarship, which provided 100% of Plaintiff's tuition at an eligible four-year university, as well as a monthly stipend of between $250-$400 per month. Plaintiff had previously been awarded the scholarship and had officially signed the paperwork accepting it. However, due to the significant and permanent nature of his injuries, Plaintiff was declared physically unable to perform the duties associated with the ROTC training, and therefore, the scholarship was revoked.

17. Only students who earn Marine-Option scholarships are eligible to commission as second lieutenants in the Marine Corps following graduation, and that had been Taylor's intent and career goal.

18. Plaintiff was 17-years-old at the time of the crash.

19. Defendant Eric Brown was 19-year-old at the time of the crash and was living with his parents.

## COUNT ONE: NEGLIGENCE AS TO ERIC BROWN

20. All prior allegations are incorporated herein by reference.

21. Eric Brown owed a duty to Plaintiff, as his passenger, to operate the vehicle he was driving in a reasonably prudent manner under the circumstances.

22. Eric Brown breached this duty to Plaintiff by, among other things:

    a. Traveling at a rate of speed that was unreasonably high under the circumstances;

    b. Crossing a double-yellow line in attempting to make a pass of another vehicle, which is contrary to applicable North Carolina law; and

    c. Losing complete control of the vehicle he was driving.

23. Defendant Eric Brown's various breaches of the duty owed to Plaintiff directly and proximately caused Plaintiff to suffer damages in an amount in excess of $10,000.00.

24. Defendant Eric Brown is liable for all such damages incurred by Plaintiff as a direct and proximate result of his negligence.

## COUNT TWO: NEGLIGENCE AS TO DOUGLAS BROWN

25. All prior allegations are incorporated by reference.

26. At the time of the crash, Eric Brown was nineteen-years-old, and living with his parents.

27. Douglas Brown is Eric Brown's father, and was the head of Eric Brown's household.

28. Upon information and belief, the vehicle that Eric Brown was driving was purchased with funds provided by Douglas Brown.

29. Upon information and belief, Douglas Brown controlled the use of the vehicle that Eric Brown was driving.

30. Upon information and belief, the vehicle that Eric Brown was driving at the time of the crash was owned, provided and/or maintained for the general use, pleasure and convenience of the Brown family.

31. Upon information and belief, the vehicle that Eric Brown was driving at the time of the crash was being used with the express or implied consent of Douglas Brown.

32. Pursuant to the Family Purpose Doctrine, the negligence of Eric Brown is imputed to Douglas Brown, and Douglas Brown is liable for the injuries and damages sustained by Plaintiff in the crash.

33. Defendant Douglas Brown is liable to Plaintiff in an amount in excess of $10,000.

WHEREFORE, Plaintiff respectfully prays the Court that:

1. Plaintiff have and recover from Defendants compensatory damages in an amount in excess of $10,000.00;

2. All costs of this action be taxed against the Defendants;

3. Plaintiff have and recover interest as allowed by North Carolina law; and

4. PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Respectfully submitted this 23rd day of December, 2014.

BURNS, DAY & PRESNELL, P.A.

By: _____
James J. Mills
NC State Bar No. 36529
P.O. Box 10867
Raleigh, NC 27605
Phone: 919-782-1441
Fax: 919-782-2311
*Attorneys for Plaintiff*

5